# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Case Nos. CR-10-154-F |
| | ) | CIV-19-238-F |
| DAVID LEE CLARK, | ) | |
| Defendant. | ) | |

## ORDER

Before the court is defendant, David Lee Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 13, 2019. Doc. no. 299. Plaintiff, United States of America, has responded to the motion and no reply has been filed within the time prescribed by the court. Upon due consideration, the court makes its determination.

I.

Defendant has moved the court for relief pursuant to 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel did not "call [credible] witnesses, and challenge probable cause" at his March 14, 2018 supervised release revocation hearing and his counsel failed to appeal the revocation sentence. Doc. no. 299, ECF p. 3. Defendant also claims he "is actually [innocent] of violating the terms of [supervised release]" because "there was insufficient evidence to find that [he] knew of the drugs found in his car [] or that the substance found was actually cocaine." *Id.*, ECF p. 4.

In response, plaintiff asserts that defense counsel exercised sound discretion in calling credible witnesses and that she put the government to its proof in

challenging probable cause. Also, plaintiff contends that defendant told defense counsel that he did not want to appeal his revocation sentence. Plaintiff additionally maintains that defendant cannot show any prejudice from defense counsel's representation because he received a sentence significantly below the sentencing guidelines and defendant is no longer in prison. Further, plaintiff asserts that defendant, who did not appeal his sentence and presents no new evidence or change of law, does not meet the requirements for an actual innocence claim.

II.

Defendant's ineffective assistance of counsel claims are governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Pursuant to <u>Strickland</u>, the court must determine whether counsel's performance was constitutionally deficient, and whether the deficient performance prejudiced the defense, depriving defendant of a fair proceeding with a reliable result. <u>Strickland</u>, 466 U.S. at 687. Under the deficient performance prong, defendant must show that his counsel's performance "fell below an objective standard of reasonableness," in that it was outside "the range of competence demanded of attorneys in criminal cases." <u>Id</u>. at 687-688 (quotations omitted). Under the prejudice prong, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. Failure to show either the deficient performance prong or the prejudice prong will result in the denial of the ineffective assistance of counsel claim. <u>Id</u>. at 696. In applying the <u>Strickland</u> test, a court may address the deficient performance and prejudice prongs in any order, but it need not address both if defendant fails to make a sufficient showing of one. <u>Boltz v. Mullin</u>, 415 F.3d 1215, 1222 (10th Cir. 2005).

1.

At the outset, the court determines that defendant cannot show the deficient performance prong with respect to his ineffective assistance of counsel claim that

defense counsel did not "challenge probable cause." Defense counsel did in fact challenge the government's evidence relating to probable cause. Indeed, counsel extensively cross-examined the government's sole witness, Jason Suitor, the arresting officer, attempting to elicit facts helpful to defendant. She also specifically argued against the court crediting Mr. Suitor's account of a field test performed by another law enforcement officer which indicated that the substance retrieved from defendant's vehicle was crack cocaine. Because defense counsel did "challenge probable cause," the court concludes that defendant's ineffective assistance of counsel claim fails. The claim will be denied.

2.

The decision of which witnesses to call rests within the sound discretion of counsel. Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008); Jackson v. Shanks, 143 F.3d 1313, 1320 (10th Cir. 1998). Such a strategic decision is "virtually unchallengeable" provided it is made after "a thorough investigation of law and facts." Strickland, 466 U.S. at 690. Indeed, "it is the *informed, tactical* decision that is within counsel's discretion." U.S. v. Holder, 410 F.3d 651, 655 (10th Cir. 2005) (emphasis in original). Here, the record reflects that the decision to call the witnesses at the revocation hearing was an informed, tactical decision. Defense counsel made a reasonable investigation into the available witnesses, and from that investigation, made the decision as to which witnesses to call on defendant's behalf. The court concludes that counsel's tactical decision to call the two witnesses she did (Renarbrey Jones and Todd Collins)[1] was not unreasonable. Consequently, the court finds that defendant cannot satisfy the deficient performance prong of his ineffective assistance of counsel claim based upon an alleged failure to call credible witnesses. Hence, the claim will be denied.

---

[1] Defendant also testified during the revocation hearing.

3

3.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470 477 (2000). Thus, a defendant who shows that his counsel failed to file a notice of appeal despite defendant's specific instructions to do so satisfies the deficient performance prong of the Strickland test. And, "if counsel does not file a requested appeal, a defendant is entitled to [a new] appeal without a showing that his appeal likely would have had merit." U.S. v. Garrett, 402 F.3d 1262, 1265 (10th Cir. 2005) (quotations omitted).

When a defendant does not specifically instruct counsel whether to file an appeal,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Flores-Ortega, 528 U.S. at 480.

Here, the record before the court does not show that defendant specifically instructed defense counsel to appeal the revocation sentence. Moreover, the record shows that defense counsel did consult with defendant about filing an appeal and he informed her that he did not want to appeal. As a result, the court finds that defendant cannot show the deficient performance prong of his ineffective assistance of counsel claim based upon an alleged failure to appeal. The claim fails, and thus, will be denied.

III.

From review of the § 2255 motion, it appears defendant is alleging a freestanding claim of actual innocence. However, "actual innocence does not constitute a freestanding basis for habeas relief." Farrar v. Raemisch, 924 F.3d 1126, 1131 (10th Cir. 2019). Nonetheless, even if such claim were to exist, "the threshold showing" for such a claim "would necessarily be extraordinarily high." Herrera v. Collins, 506 U.S. 390, 417 (1993). Defendant neither presents nor even alleges the existence of evidence showing his actual innocence of the violations of supervised release. In his motion, he offers nothing but conclusory allegations that he is innocent of the violations. That is not sufficient. Thus, because defendant cannot meet his "extraordinarily high" burden, the court concludes that defendant's freestanding actual innocence claim, even if one were to exist, also fails. Consequently, the claim will be denied.

IV.

"In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a [defendant's] claims where 'the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief . . . .'" U.S. v. Miller, 20 Fed. Appx. 800, 802 (10th Cir. 2001) (quoting 28 U.S.C. § 2255(b)) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). The court concludes that the record in this case conclusively demonstrates that defendant is not entitled to relief on his claims. Therefore, the court concludes that defendant is not entitled to an evidentiary hearing on his § 2255 motion.

V.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the defendant. To receive a certificate of appealability, a defendant "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Defendant cannot satisfy this standard. Hence, the court concludes that defendant is not entitled to a certificate of appealability.

VI.

Based upon the foregoing, defendant, David Lee Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 13, 2019 (doc. no. 299), is **DENIED**. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 23rd day of July, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0154p057 (Clark).docx